Mr. Justice Clayton
delivered the opinion of the court.
This bill was filed by the appellee to foreclose a mortgage *142 executed by John. D. Vertner, deceased, to secure a note to John Murdock, bearing date 10th January, 1838, payable twelve months thereafter. The mortgage bears date 1 st March, 1838. The complainant was the surety of Vertner, and having been compelled to take up the note, he now seeks a foreclosure of the mortgage.
Jane Vertner is the widow of John D. Vertner, and she resists the foreclosure sought by the complainant, by virtue of several conveyances, either directly or indirectly from John D. Vertner. The first of these is a deed of settlement, made to certain trustees of part of the negroes in controversy, for her benefit, on the 20th of January, 1834. The second is another deed of settlement of other slaves also in controversy, likewise for her benefit, bearing date 29th April, 1S36. The other is a bill of sale or deed of gift, of a part of the same slaves, made to her by Daniel Vertner, the father of her husband, bearing date 4th December, 1841. These slaves had been sold under executions against John D. Vertner, and purchased by Daniel Vertner, by virtue of judgments rendered in May, 1838, subsequent to the mortgage of complainant.
These several conveyances are alleged by the complainant to be voluntary and void on account of fraud, and on this question the decision must turn. The deed from Daniel Vertner may be thrown out of view, because it is younger than the mortgage.
Before proceeding to consider the question of fraud, there is another point which deserves notice. It is insisted by Mrs. Vertner, that she joined in the conveyance of a large tract of land in Louisiana, at the request of her husband, and that the settlement was made upon her in consideration of that conveyance. The marriage took place in 1830, and the parties continued to reside in this state, up to the time of the conveyance, with the exception of a short interval.
It has been decided at the present term of this court, that where a marriage takes place in another state, between a man domiciled in this state, and a woman in another state, and it is the intention of the parties at the time, that this state shall be their domicil after the marriage, if this intention is carried into *143 effect, the rights of the parties to personal property are governed by the laws of this state. Land's Administrator v. Land, ante, 99. But in regard to immovable property, the rule is different; there the law of the place where it is situated, the lex loci rei sites, gives the rule. Story, Confl. Laws, 160. This point then depends for its solution upon the laws of Louisiana, and according to those laws, in our opinion, Mrs. Vertner, under the circumstances, had no interest in the land in that state. It had been bought by the husband, after the marriage, with his own funds, or upon his own credit; she had contributed in no way to its acquisition, and had no right to it. We do not see, therefore, that the deed can be considered otherwise than as voluntary and without consideration.
The question to be decided, therefore,' is, whether they are void as to the complainant, who is a subsequent creditor. The law on this subject was thus stated in Henry v. Fullerton, 13 S. & M. 634: “ Voluntary conveyances are not necessarily void as to subsequent creditors; the presumption of fraud arising from indebtedness, or fraud in law, may be repelled by circumstances tending to show the absence of actual fraud. But if a subsequent creditor can show fraud in fact, by showing that the conveyance was made to avoid future debts about to be contracted, or to defraud existing creditors, the conveyance is void, not only as to present but as to subsequent creditors.” This language is very general, and it is quite difficult to extract an entirely definite rule from the cases. It seems to be beyond doubt, however, that if the party be insolvent at the time of making a voluntary conveyance, it is void even as to subsequent creditors. Lush v. Wilkinson, 5 Ves. 387; 1 Story, Eq. 352. It is also the law, that a very large indebtedness at the time, as compared with the resources and property of the party, is prima facie evidence of a fraudulent intent. The rule is thus stated in Holloway v. Millard, 1 Mad. R. 417: “A voluntary conveyance is prima, facie evidence, where the party is loaded with debt at the time, of an intent to defeat and defraud his creditors.” In that case the complainants were subsequent creditors.
In the present case, there is much reason to believe that John *144 D. Vertner was insolvent, both in 1834 and 1836. The witness, Hoopes, who was familiar with his pecuniary affairs, thought it very doubtful whether he was solvent at either period. Other witnesses, perhaps not so well acquainted with his situation, state their belief of his insolvency. All the testimony abundantly proves, that he was loaded with debt at both of those points of time. The presumption arising from this fact, is not rebutted by any proof of an opposite character. We do not see, therefore, how these conveyances in favor of Mrs. Vertner, however strong their claims upon our sympathy, can be supported consistently with the authorities.
This view of the facts renders a consideration of any of the other points unnecessary.
Decree is affirmed.